UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT S. KENTNER, )<br>      Plaintiff, )<br>)<br>  vs. )<br>)<br>TIMOTHY R. DOWNEY INSURANCE, )<br>INC.; DOWNEY RETIREMENT TRUST; )<br>INDIANA PUBLIC EMPLOYERS PLAN, )<br>INC.; TIMOTHY R. DOWNEY, )<br>INDIVIDUALLY AND IN HIS )<br>CAPACITY AS A MEMBER OF THE )<br>BOARD OF DIRECTORS OF IPEP; AND )<br>T. CHRISTOPHER DOWNEY, )<br>INDIVIDUALLY AND IN HIS )<br>CAPACITY AS A MEMBER OF THE )<br>BOARD OF DIRECTORS OF IPEP, )<br>      Defendants. )<br>) | 1:03-cv-435-RLY-WTL |

**ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON HIS WAGE CLAIM and DOWNEY'S MOTION FOR SUMMARY JUDGMENT**[1]

Plaintiff, Robert S. Kentner, moves for summary judgment on that portion of Plaintiff's wage claim regarding unpaid commissions against Defendant, Timothy R. Downey Insurance, Inc. ("Downey"), and the Indiana Public Employers' Plan, Inc. ("IPEP"). Defendant Downey and the Downey Retirement Trust (the "Trust") also move for summary judgment on this claim.

---

[1] This motion was filed on December 21, 2005, and encompasses a number of issues, one of which is Plaintiff's claim to unpaid commissions. (Docket # 216).

1

**I.     Facts**

Downey is a private insurance agency located in Kokomo, Indiana, with various books of business. (Deposition of Randy Sapp, Defendant's Ex. A at 5; Deposition of Robert S. Kentner, Defendant's Ex. B at 144). During Plaintiff's employment, Downey was the attorney-in-fact and third-party administrator for a separate entity called the Indiana Public Employers' Plan, Inc. (Defendant's Ex. B at 144). IPEP is a pool of Indiana government entities whose members pay contributions in exchange for receiving various services from IPEP, including worker's compensation coverage for their employees. (Deposition of Timothy R. Downey, Defendant's Ex. C at 4-5). By joining IPEP, the members are able to share the risk with other members of the pool. (Defendant's Ex. A at 26). IPEP does not have, and never has had, any employees. (Defendant's Ex. C at 64).

IPEP pays the claims of its members' injured workers, provides loss control services for its members, and provides safety training for its members. (Ex. A at 6). Pursuant to a written contract, Downey acts as IPEP's attorney-in-fact to provide those services and others, including paying IPEP's claims, marketing IPEP, underwriting the members' contributions, and so forth. (*Id.* at 6, 29). In exchange, Downey receives a monthly fee based upon the level of contributions to the plan. (*Id.* at 29).

As part of his job duties with Downey, Plaintiff was responsible for trying to secure money on behalf of IPEP on certain subrogation files. Plaintiff's offer letter outlined the terms of his compensation with Downey. (Defendant's Ex. D). It provided

that he would receive a salary of $35,000, and that if he recovered money on an IPEP subrogation file he would be entitled to a commission of 10% of the amount recovered. (*Id.*; Defendant's Ex. B at 175). Plaintiff's commission was to be "against the actual amount recovered by the plan during [Plaintiff's] employment." (Defendant's Ex. D). Although Plaintiff may have sent out a lien letter on a particular file, he was entitled to a commission only on amounts actually recovered during his employment. (*Id.* at 176-77). There was a $5,000 cap on any one recovery, and upon termination of his employment, his entitlement to additional income ceased as of the prior quarter. (*Id.* at 177).

In the summer of 1996, Plaintiff claims that he and Downey entered into an oral agreement that increased his salary, eliminated the cap of $5,000 per recovery, and eliminated the language about his additional income ceasing as of the end of the quarter prior to termination. (*Id.* at 182-83).

On October 23, 2000, Plaintiff proposed further modifications to his compensation agreement. Downey agreed to modify the agreement by increasing his salary, paying him backpay, and increasing the percentage he would receive on subrogation recoveries from 10% to 15%. (*Id.* at 186-87; Defendant's Ex. E). Although Downey increased Plaintiff's commission percentage, the remaining terms of his original agreement with respect to his commission remained the same. (Defendant's Ex. B at 187, 189). Thus, Plaintiff was entitled to compensation only for recoveries on subrogation files secured during his employment. (Defendant's Ex. A at 100). He was not entitled to recoveries after his employment. (*Id.* at 100, 110, 113).

Plaintiff claims that sending out a lien letter on the subrogation files entitled him to a commission. The lien letters, however, did nothing more than notify third parties that IPEP had a lien on any amounts recovered by the employee. Plaintiff admits that sending out a lien letter, in and of itself, did not guarantee recovery. (*Id*. at 193). In fact, there would be times when Plaintiff would send out a lien letter and there would be no recovery. (*Id*.). Oftentimes, Plaintiff would send out multiple lien letters on the same file. (*Id*. at 194). There were times when he would get into disputes with parties over the propriety and/or the amount of the lien. (*Id*.). The amount of the recovery was not always the amount of the lien. (*Id*.) There would also be situations where Plaintiff would have to negotiate with the injured employee regarding the amount IPEP would accept to satisfy the lien. (*Id*. at 428-29). When Plaintiff completed negotiations and agreed to accept a certain amount in satisfaction of IPEP's lien, he would have to draft a letter confirming the parties' agreement. (*Id.* at 432). It was not until after he actually collected money on behalf of IPEP that Plaintiff became entitled to a commission. (*Id*.).

Of the 118 filed upon which Plaintiff seeks a commission, Downey has paid him commission on those files for which he had secured a recovery prior to his termination. (Second Declaration of Randy Sapp, Defendant's Ex. F at ¶ 5).

**II.     Discussion**

Plaintiff contends that he is entitled to commissions on the subrogation files on which he secured IPEP's lien rights "without the limitation that the monies from the subrogation recoveries of IPEP had to come in during Plaintiff's employment."

4

(Plaintiff's Reply at 8). Plaintiff's argument is fatally flawed.

Plaintiff testified that the third written agreement, which he claims controls the disposition of this claim, did not supercede all terms of the original agreement. Indeed, he admits that even after signing the third written agreement, the original agreement's requirement remained in effect to the extent that, *inter alia*, he was entitled to commissions only on recoveries *secured during his employment*. (Ex. B at 187, 189). The fact that the parties later agreed to modify the agreement pertaining to his right to recovery of commissions accrued during the final quarter of his employment does not change this analysis. The parties' agreement still required that Plaintiff secure a right to recovery prior to his termination.

In apparent recognition of this fact, Plaintiff contends that sending out lien letters prior to his termination secured his right to recovery. However, as evidenced by his own deposition testimony, merely sending out a letter did not guarantee a right to recovery, nor did it require the third party to pay anything toward IPEP's lien. In short, Plaintiff was not entitled to a commission until he had secured a recovery or actually collected the money. In this case, Plaintiff neither secured recovery nor collected any money on any of the files on which he claims a right to commission. Plaintiff, therefore was not entitled to a commission at the time of his termination. Plaintiff's claim for post-termination commissions therefore fails as a matter of law.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion for Partial Summary Judgment on

his Wage Claim (Docket # 138) is **DENIED**, and Downey's Motion for Summary Judgment, with respect to that portion of the motion addressing Plaintiff's unpaid commissions (Docket # 216), is **GRANTED**.  The balance of Downey's Motion for Summary Judgment is **UNDER ADVISEMENT**.

**SO ORDERED** this  29th   day of March 2006.

                                          RICHARD L. YOUNG, JUDGE
                                          United States District Court
                                          Southern District of Indiana

Electronic Copies to:

Alice L. Bartanen
MEAD, MEAD & CLARK, PC
alice@salemlaw.com

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Blake J. Burgan
SOMMER BARNARD ATTORNEYS, PC
bburgan@sommerbarnard.com

Karoline E. Jackson
BARNES & THORNBURG LLP
kjackson@btlaw.com

Robert S. Kentner
bobkentner@yahoo.com

Michael C. Terrell
SOMMER BARNARD ATTORNEYS, PC
mterrell@sommerbarnard.com