UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ROBERT S. KENTNER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:03-cv-435-RLY-WTL |
| TIMOTHY R. DOWNEY INSURANCE, | ) | |
| INC.; DOWNEY RETIREMENT TRUST; | ) | |
| INDIANA PUBLIC EMPLOYERS PLAN, | ) | |
| INC.; TIMOTHY R. DOWNEY, | ) | |
| INDIVIDUALLY AND IN HIS | ) | |
| CAPACITY AS A MEMBER OF THE | ) | |
| BOARD OF DIRECTORS OF IPEP; AND | ) | |
| T. CHRISTOPHER DOWNEY, | ) | |
| INDIVIDUALLY AND IN HIS | ) | |
| CAPACITY AS A MEMBER OF THE | ) | |
| BOARD OF DIRECTORS OF IPEP, | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO DISMISS DOWNEY'S
COUNTERCLAIMS I, II, III, IV, and V AND FOR PARTIAL SUMMARY
JUDGMENT PURSUANT TO INDIANA CODE § 34-7-7-1 *ET SEQ*.**

Plaintiff, Robert S. Kentner, moves to dismiss Counts I-IV of Downey's

Counterclaims and moves for partial summary judgment under Indiana's anti-SLAPP

statute, Indiana Code §§ 34-7-7-1 through 10 ("Indiana Anti-SLAPP Act").  For the

reasons explained below, the court **DENIES** Plaintiff's motion.[1]

---

[1] Because the parties rely on evidence outside of the pleadings, the court will treat this
motion as one for partial summary judgment rather than as one to dismiss.  *See* Fed.R.Civ.P.
12(b).

1

## I.      Background

On July 16, 2003, Plaintiff served non-party document requests to at least 345

IPEP members.  (*See* Affidavit of Robert Kentner ("Kentner Aff."), Ex. H).  The 345 non-

party document requests that Plaintiff served on IPEP members were worded in such a

way to imply that Downey had acted illegally as the attorney-in-fact when it invested

IPEP funds in an insurance company called EPIC.  For example, Plaintiff requested the

following information:

Request No. 9:      Provide any documentation or legal opinion that justifies or

explains how your public entity can participate in IPEP given IPEP's investment in EPIC

and the purchase of investments contrary to IC 5-13-9-1 and IC 36-1-3-8(a)(11).

Request No. 10:      Provide any documentation or legal opinion that justifies or

explains why your public entity failed to object to IPEP's investment in EPIC and the

purchase of investments contrary to IC 5-13-9-1 and IC 36-1-3-8(a)(11).

Request No. 13:      Provide any documentation or legal opinion that supports your

public entities' justification for joining/maintaining its ownership/participation in IPEP

despite the prohibition set forth in Indiana Code § 36-1-7 limiting a public entities' (sic)

participation set forth in the statutes to entities other than private interests like Timothy R.

Downey Insurance Inc.  (*Id.*).

On August 4, 2003, Downey filed five Counterclaims alleging defamation per se,

defamation per quod, tortious interference with a contract, abuse of process, and unjust

enrichment/restitution.  The first four Counterclaims arise out of the non-party document

2

requests noted above.

Plaintiff moves to dismiss Downey's Counterclaims on grounds that his non-party

discovery requests are protected by Indiana's Anti-SLAPP Act.

## II.      Discussion

Indiana's Anti-SLAPP Act, passed in 1998, is one of about 25 similar statutes

across the country.  *See generally* http://www.casp.net/menstate.html. While Indiana has

no official legislative history, the commentary on SLAPP lawsuits and Anti-SLAPP

legislation gives the court guidance.

In general, the Anti-SLAPP statutes were passed to deal with a particular kind of

abusive litigation intended to intimidate and to chill public debate, which were dubbed

"SLAPP" suits, or "strategic lawsuits against public participation."  Such suits can

effectively limit citizens' First Amendment rights to free speech and to petition the

government by punishing and chilling public participation.  Marnie Stetson, *Reforming*

*SLAPP Reform:  New York's Anti-SLAPP Statute*, 70 N.Y.L.R. 1324, 1324-25 (1995).

SLAPP lawsuits are typically meritless and filed to force a settlement.  *Id*. at 1330.

Indiana's Anti-SLAPP Act reads in relevant part:

It is a defense in a civil action against a person that the act or omission

complained of is:

(1)      an act or omission of that person in furtherance of the person's right

of petition or of free speech under the Constitution of the United

States or the Constitution of the State of Indiana in connection with a

3

public issue; and

(2)     an act or omission taken in good faith and with a reasonable basis in law
        and fact.

Plaintiff's reliance on the Anti-SLAPP Act is fatally flawed for several reasons.
First, Plaintiff concedes that his intent in serving the non-party discovery requests was to
gather support for his claims in this litigation, *see* Plaintiff's Brief at 10; thus, Plaintiff
was not acting as a citizen "in furtherance" of his right to comment on a public issue as is
required by the Anti-SLAPP Act.

Second, Plaintiff's non-party discovery requests were not public speech on a
public issue.  Rather, they were document requests served to gather information that
Plaintiff intended to use in his prosecution of this civil action.  As the United States
Supreme Court has noted, discovery materials such as "pretrial depositions and
interrogatories are not public components of a civil action."  *Seattle Times Co. v.
Reinhart*, 467 U.S. 20, 33 (1984).

In sum, Plaintiff did not make his requests "in furtherance" of any right to speak
on the "issues of public interest" he lists on his brief.  Rather, they were simply in
furtherance of his own personal goals in the civil litigation.  The anti-SLAPP Act is
therefore inapplicable to Counts I-IV of Downey's Counterclaims.

Count V of Downey's Counterclaim is not based upon Plaintiff's service of non-
party discovery requests; rather, it seeks restitution of $5,000.  As Count V is one for
restitution, there is no basis for dismissing it under Indiana's Anti-SLAPP Act.

4

## III.    Conclusion

For the reasons set forth above, Plaintiff's Motion to Dismiss Downey's Counterclaims I, II, III, IV and V and for Partial Summary Judgment (Docket # 140), treated by the court as one only for Partial Summary Judgment, is **DENIED**.

**SO ORDERED** this <u>29th</u> day of March 2006.

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Alice L. Bartanen
MEAD, MEAD & CLARK, PC
alice@salemlaw.com

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Blake J. Burgan
SOMMER BARNARD ATTORNEYS, PC
bburgan@sommerbarnard.com

Karoline E. Jackson
BARNES & THORNBURG LLP
kjackson@btlaw.com

Michael C. Terrell
SOMMER BARNARD ATTORNEYS, PC
mterrell@sommerbarnard.com

Robert S. Kentner
bobkentner@yahoo.com