UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| ROBERT S. KENTNER, | ) | |
|        Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 1:03-cv-435-RLY-WTL |
| TIMOTHY R. DOWNEY INSURANCE, | ) | |
| INC.; DOWNEY RETIREMENT TRUST; | ) | |
| INDIANA PUBLIC EMPLOYERS PLAN, | ) | |
| INC.; TIMOTHY R. DOWNEY, | ) | |
| INDIVIDUALLY AND IN HIS | ) | |
| CAPACITY AS A MEMBER OF THE | ) | |
| BOARD OF DIRECTORS OF IPEP; AND | ) | |
| T. CHRISTOPHER DOWNEY, | ) | |
| INDIVIDUALLY AND IN HIS | ) | |
| CAPACITY AS A MEMBER OF THE | ) | |
| BOARD OF DIRECTORS OF IPEP, | ) | |
|        Defendants. | ) | |

**ENTRY ON MOTION FOR SUMMARY JUDGMENT ON KENTNER'S
BLACKLISTING CLAIMS UNDER INDIANA CODE 22-5-3-1(A) AND INDIANA
CODE 22-5-3-2 and DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**[1]

Plaintiff, Robert S. Kentner, moves for summary judgment on his claims for

blacklisting under Indiana Code §§ 22-5-3-1 and 22-5-3-2.  Defendant, Timothy R.

Downey Insurance, Inc., also moves for summary judgment on this claim.

The court, having read and reviewed the parties' submissions, the designated

evidence, and the applicable law, now **DENIES** Plaintiff's motion and **GRANTS**

---

[1] This motion was filed on December 21, 2005, and encompasses a number of issues,
one of which is Plaintiff's blacklisting claim.  (Docket  # 216).

1

Defendant's motion.

## I.    Background

Downey is a private insurance agency located in Kokomo, Indiana, with various books of business.  (Deposition of Randy Sapp, Defendant's Ex. C at 5; Deposition of Robert S. Kentner, Defendant's Ex. B at 217).  During Plaintiff's employment, Downey was the attorney-in-fact and third-party administrator for a separate entity called the Indiana Public Employers' Plan, Inc.  (Defendant's Ex. B at 144).  IPEP is a pool of various services from IPEP, including worker's compensation coverage for their employees.  (Deposition of Timothy R. Downey, Defendant's Ex. D at 4-5).  By joining IPEP, the members are able to share the risk with other members of the pool.  (Defendant's Ex. C at 26).  IPEP does not have, and never has had, any employees.  (Defendant's Ex. D at 64).

IPEP pays the claims of its members' injured workers, provides loss control services for its members, and provides safety training for its members.  (Defendant's Ex. C at 6).  Pursuant to a written contract, Downey acts as IPEP's attorney-in-fact to provide those services and others, including paying IPEP's claims, marketing IPEP, underwriting the members' contributions, and so forth.  (*Id.* at 6, 29).  In exchange, Downey receives a monthly fee based upon the level of contributions of the plan.  (*Id.* at 29).

In July 2003, Plaintiff served over 324 non-party document requests on IPEP members.  Downey had no idea how many IPEP members had received them.  (*Id.* at 187).  The requests were worded in a way to alert the IPEP members that illegal conduct

may have occurred, and that their worker's compensation insurance coverage was not subject to state regulatory oversight.  (Defendant's Ex. A; Plaintiff's non-party document requests to IPEP members, Defendant's Ex. E).  Plaintiff admits that he worded the requests in a way to "alert the people that maybe there was illegal conduct and we could prove it."  (Defendant's Ex. B at 310).

On July 17, 2003, Downey responded by letter to the requests because it was getting calls from concerned members, members' counsel, members' agents, and brokers regarding the requests.  (Ex. C at 187, Affidavit of Robert S. Kentner ("Kentner Aff."), Plaintiff's Ex. F).  Downey's response was aimed at trying to stop any damage that may have been caused by the requests.  (*Id*. at 187).  Downey sent a follow-up letter on July 31, 2003.  (Plaintiff's Ex. F).  Downey mailed the letters to IPEP's members and brokers because it did not know to whom Plaintiff had sent the requests.  (*Id*. at 187-88).  A third letter, dated July 21, 2003, was written by John Shanks, president of IPEP, and not by Downey.  (Deposition of John Shanks, Defendant's Ex. F at 18; Plaintiff's Ex. F).

Plaintiff believes the letters blacklisted him because none of the recipients had sought information about him and because Downey did not disclose the reason for Plaintiff's termination.  (Defendant's Ex. B at 269-70).  No employer has told Plaintiff that it refused to hire him because of the letters.  (*Id*. at 289-90).

Plaintiff remains unemployed.  (Kentner Aff. ¶ 28).

## II.    Count III, Plaintiff's Claims for Blacklisting Under Indiana Code §§ 22-5-3-1 and 22-5-3-2

In Count III of the Amended Complaint, Plaintiff alleges that after Downey terminated Plaintiff's employment, Downey prevented him from obtaining other employment in violation of Indiana Code §§ 22-5-3-1(a) and 22-5-3-2.  The former section states:

> (a)    A person who, after having discharged any employee from his service, prevents the discharged employee from obtaining employment with any other person commits a Class C infraction and is liable in penal damages to the discharged employee to be recovered by civil action; but this subsection does not prohibit a person from informing, in writing, any other person to whom the discharged employee has applied for employment a truthful statement of the reasons for the discharge.

The latter statute provides:

> If any railway company or any other company, partnership, limited liability company, or corporation in this state shall authorize, allow or permit any of its or their agents to black-list any discharged employees, or attempt by words or writing, or any other means whatever, to prevent such discharged employee, or any employee who may have voluntarily left said company's service, from obtaining employment with any other person, or company, said company shall be liable to such employee in such sum as will fully compensate him, to which may be added exemplary damages.

### A.    Plaintiff's Claim Under Indiana Code § 22-5-3-1

#### 1.    Downey Is Immune

Downey contends it is immune from suit under Indiana Code § 22-5-3-1(b) because Plaintiff has presented no evidence that the authors of the letters made knowingly false statements.  That section provides as follows:

4

(b)     An employer that discloses information about a current or former employee is immune from civil liability for the disclosure and the consequences proximately caused by the disclosure, unless it is proven by a preponderance of the evidence that the information disclosed was known to be false at the time the disclosure was made.

Based on the plain language of this statute, an employer is immune from suit under the blacklisting provisions unless the former employee proves by a preponderance of the evidence at the time his former employer disclosed the information, it knew that it was false.  *See Brazauskas v. Fort Wayne-South Bend Diocese, Inc.*, 796 N.E.2d 286, 291 (Ind. 2003) (stating with reference to claims brought under § 22-5-3-1: "Brazauskas does not claim that any of the alleged disclosures that led to her denial of the PCL [Program for Church Leaders] position were false.  She would therefore have no claim for blacklisting under the revised statute.").  Plaintiff has presented no evidence of any false statement of fact contained in the letters, or that any author of a statement knew it was false.  Accordingly, the court finds Downey is immune from liability under Indiana Code § 22-5-3-1.

### 2.      Downey Did Not Prevent Plaintiff From Obtaining Employment

Indiana Code § 22-5-3-1(a) imposes liability on an employer only if its conduct actually prevents a former employee from obtaining another job.  *See Bridgestone/Firestone, Inc. v. Lockhard*, 5 F.Supp.2d 667, 688 (S.D. Ind. 1998) ("By its plain language, § 22-5-3-1 requires proof that the employee was actually prevented from obtaining other employment . . .").  Therefore, to prevail on a claim under Indiana Code § 22-5-3-1(a), Plaintiff must establish that the persons to whom the letters were sent

5

denied him employment because of the letters.  That necessarily requires Plaintiff to be able to show that he sought and was denied employment by the persons who received the letters.

Plaintiff submits that he has applied to hundreds of employers including those IPEP members who were sent the July 2003 letters and has been denied employment. (*See* Plaintiff's Exs. GG1-12).  The documents that he cites, however, consist of several hundred pages of job postings apparently pulled from the internet.  Some have a handwritten notation "applied for" and a date.  These documents are inadmissible on grounds of hearsay and lack of authentication.  Without evidence that Plaintiff applied for employment with any of the recipients of the letters, nor evidence that an employer refused to hire him because of the letters, Plaintiff's claim under Indiana Code § 22-5-3-1 must fail for this reason as well.

### B.    Plaintiff's Claim Under Indiana Code § 22-5-3-2

Defendant also argues that Plaintiff's claim under Indiana Code § 22-5-3-2 fails because he has presented no evidence that Downey, by sending out the letters, was attempting to prevent him from obtaining employment with any of the letters' recipients.

The undisputed facts reflect that at the time Downey sent its July 17, 2003 letter to all IPEP members and their respective insurance agents and brokers, it did not know to whom Plaintiff had sent the discovery requests.  (Defendant's Ex. C at 187-88).  All Downey knew at the time was that it was getting calls from concerned IPEP members and their attorneys, agents, and brokers about the requests.  (*Id*. at 187).  The reason for their

6

concern, as they explained in the phone calls and as Downey was eventually able to see for itself when it received the requests, was that the requests implied that IPEP had acted illegally and that members' worker's compensation coverage was jeopardized as a result. (*Id.*; *see also* Defendant's Ex. B at 310; Plaintiff's Ex. F).  Those facts clearly establish a legitimate reason for Downey's July 17 letter, and a legitimate reason for it to have sent the letter to the persons in it.  Downey's July 31 letter merely thanked recipients of the first letter for their patience and advised them that the matter had been resolved by this court's order staying discovery.  (Plaintiff's Ex. F).

As for IPEP's July 21, 2003 letter, it is undisputed that John Shanks, IPEP's president, determined to whom it was sent.  (Defendant's Ex. F at 19-21).  Plaintiff has offered no evidence to show that Shanks ever knew who had received the discovery requests, let alone that he knew it on July 21.  Instead, the undisputed evidence shows simply that Shanks was getting numerous calls from IPEP members' lawyers about Plaintiff's discovery, and sent his letter to respond to concerns they raised.  (*Id.* at 19).  Again, those facts demonstrate a valid business purpose for the July 21 letter.  They also show that no reasonable inference of an intent to harm Plaintiff arises from the fact that the letter was sent to persons besides those who received Plaintiff's discovery.  Accordingly, Plaintiff's claim under Indiana Code § 22-5-3-2 fails as a matter of law.  Indiana Code § 22-5-3-1(b) .

## III.    Conclusion

For the reasons set forth above, Plaintiff has failed to raise a genuine issue of

material fact on Count III of his Amended Complaint.  Plaintiff's Motion for Summary

Judgment on his Blacklisting Claims Pursuant to Indiana Code § 22-5-3-1(a) and Indiana

Code § 22-5-3-2 (Docket # 143) is **DENIED**, and Defendant's Motion for Summary

Judgment with respect to Plaintiff's blacklisting claim (Docket # 216) is **GRANTED**.

Defendant's Motion for Summary Judgment (Docket # 216) remains **UNDER**

**ADVISEMENT** with respect to Plaintiff's claim for alleged violations of his First

Amendment rights under 42 U.S.C. § 1983, Plaintiff's claim under the Employee

Retirement Income Security Act, and the balance of Plaintiff's wage claim which deals

with Plaintiff's vacation days, sick days, and personal days.


**SO ORDERED** this <u>29th </u> day of March 2006.


RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

8

Electronic Copies to:

Alice L. Bartanen
MEAD, MEAD & CLARK, PC
alice@salemlaw.com

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Blake J. Burgan
SOMMER BARNARD ATTORNEYS, PC
bburgan@sommerbarnard.com

Karoline E. Jackson
BARNES & THORNBURG LLP
kjackson@btlaw.com

Robert S. Kentner
bobkentner@yahoo.com

Michael C. Terrell
SOMMER BARNARD ATTORNEYS, PC
mterrell@sommerbarnard.com