UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT S. KENTNER,                      )<br>         Plaintiff,                                )<br>                                                      )<br>   vs.                                                )<br>                                                      )   1:03-cv-435-RLY-WTL<br>TIMOTHY R. DOWNEY INSURANCE,  )<br>INC.; DOWNEY RETIREMENT TRUST; )<br>INDIANA PUBLIC EMPLOYERS PLAN, )<br>INC.; TIMOTHY R. DOWNEY,            )<br>INDIVIDUALLY AND IN HIS              )<br>CAPACITY AS A MEMBER OF THE    )<br>BOARD OF DIRECTORS OF IPEP; AND )<br>T. CHRISTOPHER DOWNEY,              )<br>INDIVIDUALLY AND IN HIS              )<br>CAPACITY AS A MEMBER OF THE    )<br>BOARD OF DIRECTORS OF IPEP,       )<br>         Defendants.                            )  | |

**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON IPEP'S STATUS AS A PUBLIC AGENCY PURSUANT TO INDIANA'S ACCESS TO PUBLIC RECORDS ACT**

Plaintiff, Robert S. Kentner, moves for summary judgment on the Indiana Public Employer's Plan, Inc.'s ("IPEP") status as a public agency pursuant to Indiana's Access to Public Records Act (the "APRA"). Kentner contends that his claim for access to IPEP documents under the APRA is an actual claim pending before this court. Kentner is mistaken. Upon review of his Complaint, the only claim pending against IPEP is a claim under the First Amendment. (*See* Kentner's Amended Second Amended Complaint,

1

Count III).  Kentner never mentions the APRA in his Amended Second Amended Complaint ("Complaint").  *Id.*  Nor has Kentner sought leave to amend his Complaint to add an APRA claim.

Where no direct allegations are made in the pleadings, those claims cannot be raised on summary judgment and are properly ignored by the court.  *See Free v. Bland*, 369 U.S. 663, 671 (1962) ("On the record before us, no issue of fraud was or could properly have been decided by the court below on summary judgment.  There was no direct allegation of fraud in the counterclaim."); *Taha v. Engstrand*, 987 F.2d 505, 507 (8th Cir. 1993) (holding that because plaintiffs did not raise several claims in the complaint, "the district court was justified in ignoring them"); *Munoz v. W. Res., Inc.*, 225 F.Supp.2d 1265, 1271 (D. Kan. 2002) (the district court refused to consider information that was not raised in either the complaint or the pre-trial order); *Pfister v. Bryan Mem. Hosp.*, 874 F.Supp. 993, 998 n.5 (D. Neb. 1995) ("As this issue was not raised in the pleadings or preserved in the pretrial order, and is beyond the scope of the specific issue [alleged in the complaint], I do not address it.").

This is the case here.  Kentner has not made any claim against IPEP under the APRA in this case.  Thus, Kentner is not entitled to summary judgment on this non-existent claim.  For these reasons, the court **DENIES** Kentner's Motion for Summary Judgment on IPEP's Status as a Public Agency Pursuant to Indiana's Access to Public Records Act.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Summary Judgment on IPEP's Status as a Public Agency Pursuant to Indiana's Access to Public Records Act (Docket No. 231) is **DENIED**.

**SO ORDERED** this <u>19th</u> day of July 2006.

                                                  RICHARD L. YOUNG, JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Electronic Copies to:

Alice L. Bartanen
MEAD, MEAD & CLARK, PC
alice@salemlaw.com

Monica Renee Brownewell Smith
BARNES & THORNBURG LLP
monica.brownewell@btlaw.com

Blake J. Burgan
SOMMER BARNARD ATTORNEYS, PC
bburgan@sommerbarnard.com

Karoline E. Jackson
BARNES & THORNBURG LLP
kjackson@btlaw.com

Michael C. Terrell
SOMMER BARNARD ATTORNEYS, PC
mterrell@sommerbarnard.com

Robert S. Kentner
bobkentner@yahoo.com